IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENARD MARTIN,                          :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :       CIVIL ACTION 07-0361-M
                                        :
MICHAEL J. ASTRUE,                      :
Commissioner of                         :
Social Security,                        :
                                        :
        Defendant.                      :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3),
Plaintiff seeks judicial review of an adverse social security
ruling which denied claims for disability insurance benefits and
Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 18).
The parties filed written consent and this action has been
referred to the undersigned Magistrate Judge to conduct all
proceedings and order the entry of judgment in accordance with 28
U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 25).  Oral argument
was waived in this action (Doc. 27).  Upon consideration of the
administrative record and the memoranda of the parties, it is
**ORDERED** that the decision of the Commissioner be **REVERSED** and
that this action be **REMANDED** to the Social Security
Administration for further administrative proceedings, to include
an evidentiary hearing conducted by a different Administrative

Law Judge.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Martin was twenty-six years old at the time he has alleged he became disabled; he has completed a high school education, and has previous work experience as a furniture repairman, stocker, laborer, janitor, and telemarketer (Doc. 19). In claiming benefits, Plaintiff alleges disability due to mental illness resulting in psychosis (Doc. 19).

The Plaintiff protectively filed applications for disability benefits and SSI on May 16, 2002 (Tr. 60-64; *see* Tr. 321).[1] Benefits were denied following a hearing by an Administrative Law

---

[1]Plaintiff has appeared before this Court previously in connection with these same applications. After being denied benefits by the Social Security Administration, this Court found that the Administrative decisions were not supported by substantial evidence; the action was then remanded for further review. *Martin v. Barnhart*, C.A. 04-0107-P-M (S.D. Ala. January 24, 2005).

Judge (ALJ) who determined that Martin was capable of performing his past relevant work as a generic laborer at a furniture company (Tr. 318-38). Plaintiff requested review of the hearing decision (Tr. 313-17) by the Appeals Council, but it was denied (Tr. 309-12).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Martin alleges that: (1) The ALJ did not properly evaluate the conclusions and opinions of his treating physician; (2) the ALJ improperly discredited his testimony; and (3) the ALJ did not properly analyze his mental impairment (Doc. 18). Defendant has responded to—and denies—these claims (Doc. 20).

Plaintiff's first claim is that the ALJ did not properly evaluate the conclusions and opinions of his treating physician. Martin raised this claim in the previous action before this Court; the Undersigned entered a Report and Recommendation, on December 27, 2004, which addressed the issue, stating as follows:

> Plaintiff first claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of his physician. Martin specifically references his treating psychiatrist, Dr. Rajani Joshi, in making this claim (Doc. 10, p. 2). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*,

3

660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2004).  The relevant medical history follows.

A report dated February 27, 2002 from the Director of Clinical Counseling Services with Catholic Social Services indicated that Martin had "scored in the range for severe depression on the Beck Depression Inventory" (Tr. 155).  Dr. Rajani Joshi, with Mobile Mental Health, performed a psychiatric evaluation on June 6, 2002, finding that Plaintiff was depressed, delusional, experiencing auditory and visual hallucinations; the psychiatrist diagnosed Martin as being psychotic and prescribed continued medication with Zyprexa,[3] Prolixin,[4] and Zoloft[5] (Tr. 191-94).  On August 19, Dr. Joshi re-prescribed the Zyprexa and Prolixin (Doc. 186).  On November 14, 2002, the Psychiatrist completed a residual functional capacity form in which he indicated that Martin was, for the most part, moderately limited in all work-related activities; the exception was that he was markedly deficient in concentration, persistence or pace (Tr. 225-26).  In a letter written a week later, Dr. Joshi indicated that Plaintiff's prognosis was poor (Tr. 227).

On July 2, 2002, Plaintiff was seen by Psychologist Daniel L. Koch who administered

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3]*Zyprexa* is used for the "management of the manifestations of psychotic disorders."  *Physician's Desk Reference* 1512 (52nd ed. 1998).

[4]*Prolixin* "is an antipsychotic medication used to treat schizophrenia and psychotic symptoms such as hallucinations, delusions, and hostility."  This information was provided by the U.S. National Library of Medicine and the National Institutes of Health. *See* http://www.nlm.nih.gov/medlineplus/druginfo/medmaster/a682172.html

[5]*Zoloft* is "indicated for the treatment of depression." *Physician's Desk Reference* 2229-34 (52nd ed. 1998).

the WAIS-III which resulted in scores indicating mild mental retardation (Tr. 181-84).  Administration of the Minnesota Multiphasic Personality Inventory was found to be invalid because of an elevated F scale which was consistent with profiles seen in paranoid schizophrenics (Tr. 183).  Another test indicated neurological impairment[6] (*id.*).  The Psychologist recommended evaluation by a Psychiatrist for chemical treatment for Martin's thought disorder.

On January 21, 2003, Psychologist Damon Ann Robinson performed an assessment and found Plaintiff to be acutely psychotic (Tr. 250-58).  Robinson found Martin's thoughts to be fragmented and disorganized; she determined that the results of the intelligence test he took were invalid because of his acute psychosis (Tr. 254). The Psychologist found his prognosis to be "quite poor."  Robinson noted that Martin provided good effort during the evaluation.  The Psychologist completed a mental residual functional capacity form which indicated that Plaintiff was markedly limited in all work abilities (Tr. 256-57).

The ALJ rejected the opinions of Joshi, Koch, and Robinson (Tr. 19-23).  The conclusions of Joshi and Robinson were rejected because the examiners did not have all of the medical information of record before them in rendering their opinions (Tr. 19).  The ALJ also found their opinions to be inconsistent with each other (Tr. 19). Koch's opinion was discounted because of inconsistencies with Plaintiff's testimony (Tr. 23).

The ALJ adopted the conclusions of Psychiatrist C. E. Smith who determined, after a single examination, that Martin was a malingerer (Tr. 262-65).  Smith made this determination because Plaintiff was uncooperative during his assessment, because

_____

[6]The record copy of Koch's report is not very good and parts of it are hard to read (*see* Tr. 181-84).  The name of this specific test is one such example.

of inconsistent statements made by Martin
over the course of his medical treatment, and
widely disparate scores on IQ tests in light
of the fact that school records indicated
no mental retardation.

The Court finds that the ALJ's
conclusions regarding Joshi, Koch, and
Robinson are not supported by substantial
evidence.  Specifically, Joshi, the treating
psychiatrist, prescribed anti-psychotic
medications and, although the treatment was
conservative, treated Plaintiff for
psychosis; although he saw Martin only twice,
it was twice as often as Dr. Smith.  Koch
indicated that the IQ scores were a valid
assessment of Martin's abilities; the ALJ did
not even bother to report these scores, much
less discuss them (*see* Tr. 23).  Although
Robinson did not have school records to
evaluate, she referred to other medical
records to which she did have access
in making her decision (Tr. 251 [Mobile
Mental Health Department and Koch]).  All
three of these examiners were able to do an
evaluation, something which Smith admitted he
was unable to do.

As for the school records, the medical
evidence notes Martin's assertion that his
"brain damage" came about because of a head
injury when he was twenty years old (*see,
e.g.*, Tr. 191, 250).  This information
renders the school records irrelevant for
anything that medically occurred after he
left school.

The Court is aware that Petitioner has
provided inconsistent statements throughout
the course of his medical history with regard
to alcohol and drug abuse and child support.
The Court notes, though, that this does not
seem inconsistent for a psychotic person.
While the Court does not find that Martin is
disabled, it does find that the opinions of
Dr. Smith do not outweigh those of Joshi,
Koch, and Robinson.  On this basis, the Court
finds that the opinion of the ALJ is not
supported by substantial evidence.

Based on review of the entire record,
the Court finds that the Commissioner's

6

> decision is not supported by substantial
> evidence.  Therefore, it is recommended that
> the action be reversed and remanded to the
> Social Security Administration for further
> administrative proceedings consistent
> with this opinion, to include, at a minimum,
> a supplemental hearing for the gathering of
> evidence regarding Plaintiff's mental
> impairments.

(Tr. 372-77).  On January 24, 2005, Senior U.S. District Judge Virgil Pittman adopted the Report and Recommendation, without objection, and entered judgment against Defendant, remanding this action "for further proceedings consistent with this opinion" (Tr. 365-66).

Following remand, an evaluation was performed by Psychologist John W. Davis on May 23, 2005 (Tr. 393-99). Martin's mother provided historical information; the Social Security Office provided additional information (Tr. 393, 397). Davis noted that Plaintiff had "thought processing abnormalities that interfere with communication" and that he seemed, generally, depressed (Tr. 394).  Though Martin was oriented to person, place, and time, there were "indications of deficits in his overall concentration or attention" (*id.*).  The Psychologist noted "loose associations, tangential and circumstantial thinking.  Confusion was seen.  Overall thought processes [were] simple and limited" (Tr. 395).  Davis found indications of "hallucinations, delusions, and other circumstances of perceptual disturbance" as well as "feeling of detachment from his

7

environment;" Plaintiff showed "distortions, ideas of reference, depersonalization, doubting, indecisions, grandiosity, unworthiness, helplessness, hopelessness, and paranoid ideations" (*id.*).  Judgment and insight were impaired.  The Psychologist administered the WAIS-III on which Martin obtained a Verbal IQ of 61, a Performance IQ of 54, and a Full Scale IQ of 54; Davis indicated that he thought "the results [were] a reliable and valid estimate of the claimant's current level of intellectual functioning and that the claimant did put forth his best effort" (Tr. 396).  The MMPI was also administered, but the Psychologist indicated that the results were invalid because "the claimant was so disoriented that he was not aware of the situation;" Davis indicated that this was "consistent with a throught [sic] process disorder" (*id.*).  The examiner noted that Martin's language skills "would suggest a higher IQ but the thought process disorer, confusion, illogical thinking, and loose associations all render a functioning in the Mild Mental Retardation range" (*id.*).  Davis diagnosed Plaintiff to suffer from Mild Mental Retardation and Schizophrenia/Chronic Undifferentiated Type and indicated that his prognosis was poor (Tr. 397).  The Psychologist's concluding thought were as follows:

> The medical evidence of record provided by the [Social Security Administration] was reviewed and those findings were considered in the overall assessment of this claimant.
> It is this examiner's opinion that the

> claimant's ability to function in an age
> appropriate manner, cognitively,
> communicatively, and socially are markedly
> impaired.  His capacity to show
> concentration, persistence, and pace in an
> age appropriate manner are markedly impaired.
> It is this examiner's opinion that the
> claimant's presentation of today's evaluation
> is valid, relative to the history and
> observation from other sources.
>     This claimant does not have the ability
> to do simple, routine, repetitive type tasks.
> He does not get along with others.  He cannot
> manage any benefits that may be forthcoming.

(Tr. 397).

The ALJ[7] rejected the opinion of Davis because "the information provided by the claimant is characterized by misstatements and blatant untruths" (Tr. 333).  Again, the ALJ rejected the conclusions of Psychiatrist Joshi, Psychologist Robinson, and Psychologist Koch and gave greater weight to Psychiatrist Smith (Tr. 332-33); he also credited the opinions of a State Agency Psychologist who never examined Martin (Tr. 334; *see also* 204-17).

The Court finds that the ALJ's conclusions are not supported by substantial evidence.  The ALJ has rejected the opinions of a treating Psychiatrist and three Psychologists for the opinion of a Psychiatrist who saw Plaintiff once and a Psychologist who never saw him.

---

[7]The ALJ in this action is the same as the ALJ in the previous action before this Court.

9

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's mental impairment.  Furthermore, the Appeals Council is **DIRECTED** to remand this action to a different ALJ for further consideration.  Judgment will be entered by separate Order.

DONE this 24th day of January, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE